believing that the sole issue in the case was whether or not the polishing was sufficient to remove the articles from paragraph 218 (g)." We held that it was.

The Government now contends that the glass trays in question are decorated within the meaning of the provisions of paragraph 218 (f), as classified. Our attention is directed to the fact that our appellate court has held that "decorated or ornamented in any manner" as used in paragraph 84, Tariff Act of 1913 (identical language appearing in the present law), did not necessarily contemplate a separate operation but included decoration or ornamentation produced in the mold (Smith & Co. v. United States, 8 Ct. Cust. Appls. 256, T. D. 37535).

In the present case, in so classifying the imported merchandise the collector found these trays to be decorated or ornamented. This action of the collector is presumptively correct. The plaintiff has introduced no testimony on this point and we must therefore find that the presumption of correctness attaching to the collector's classification has not been overcome.

We therefore hold the imported article of merchandise to be properly dutiable as assessed under the provisions of paragraph 218 (f) for "Table * * * articles * * * composed wholly or in chief value of glass * * * decorated or ornamented in any manner * * * 60 per centum ad valorem."

Our decision in E. P. Paul & Co., Inc. v. United States, Abstract 50550, is reversed and the protest is overruled.

**No. 51036.**—Protests 59524–K, etc., of Jos. Riedel Glass Works, Inc. (New York).

Opinion by OLIVER, P. J. It was stipulated that the merchandise consists of bottles produced by automatic machine the same in all material respects as those the subject of United States v. Jos. Riedel Glass Works, Inc. (32 C. C. P. A. 201, C. A. D. 307). In accordance therewith the claim at 25 percent under paragraph 218 (e) was sustained.

**No. 51037.**—Protests 23378–K, etc., of Little Joe Wiesenfeld Co. (Baltimore).

Opinion by MOLLISON, J. It was stipulated that certain items of the merchandise consist of leather girths and stirrup leathers of the same kind in all material respects as exhibits 2, 3, 4, and illustrative exhibit 5 in Little Joe Wiesenfeld Co. v. United States (10 Cust. Ct. 101, C. D. 731). In accordance therewith the claim at 15 percent under paragraph 1530 (f), as modified by T. D. 49753, was sustained.

**No. 51038.**—Protests 42020–K, etc., of De Luxe Saddlery Co. (Baltimore).

Opinion by MOLLISON, J. It was stipulated that certain items of the merchandise consist of leather girths and stirrup leathers of the same kind in all material

respects as exhibits 2, 3, 4, and illustrative exhibit 5 in *Little Joe Wiesenfeld Co.* v. *United States* (10 Cust. Ct. 101, C. D. 731). In accordance therewith the claim at 15 percent under paragraph 1530 (f), as modified by T. D. 49753, was sustained.

BEFORE THE SECOND DIVISION, APRIL 24, 1946

**No. 51039.**—Protests 928548–G, etc., of Katz Berk Hat Body Corp. (New York).

Opinion by TILSON, J. The record established that certain items of the merchandise consist of hats similar in all material respects to those the subject of Abstract 47291. Upon the established facts and following the authority cited the merchandise in question was held dutiable as claimed.

**No. 51040.**—Protests 14946–K, etc., of A. Gluckman, Inc., et al. (New York).

Opinion by TILSON, J. The record showed that certain items of the merchandise consist of manila hemp hats similar in all material respects to those the subject of *United States* v. *Armand Schwab* (30 C. C. P. A. 72, C. A. D. 218). Upon the established facts and following the authority cited the merchandise in question was held dutiable as claimed.

**No. 51041.**—Protest 111186–K of Boutross Bros. (New York).

Opinion by TILSON, J. It was stipulated that certain items of the merchandise consist of pincushions similar in all material respects to those the subject of Abstracts 48406 and 49006, save that the involved merchandise is made or cut from material composed in chief value of silk. In accordance therewith and following the cited authorities the claim at 65 percent under paragraph 1211 was sustained.

BEFORE THE THIRD DIVISION, APRIL 24, 1946

**No. 51042.**—Protests 38885–K, etc., of A. Fantis et al. (New York).

. Opinion by KEEFE, J. It was stipulated that certain items of the merchandise consist of cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706) and Abstract 42146. In accordance therewith it was held that an allowance of 2½ percent should have been made in the weight of the cheese by the collector in computing the duty thereon to compensate for the weight of the inedible coverings on the outside of the cheese. The protests were sustained to this extent.